OPINION OF THE COURT
 

 Memorandum.
 

 In each case, the order of the Appellate Division should be affirmed, with costs.
 

 These actions were commenced in April 1990, by Stephanie and Lyndon Murphy, to recover damages for personal injuries sustained on June 15, 1987 by plaintiff Stephanie Murphy when she slipped and fell on the floor of Eastowne Mall, owned by defendant City of Elmira, and, at the time of plaintiff’s incident, operated and maintained by the Elmira Urban Renewal Agency. The issue here is whether the Appel
 
 *971
 
 late Division erred in reversing the motion court and granting summary judgment to the defendants. The complaints allege that defendants were negligent in allowing the floor of the mall to exist in a slippery and unsafe condition, in constructing or causing to be constructed a floor surface in a slippery and unsafe condition, and in failing to warn of the condition. In an examination before trial, plaintiff testified that as she walked out into the mall, she fell. Although not exactly sure why she fell, plaintiff stated that she was completely outside of the archway of her employer’s door, at least six feet away from the doorway, walking into the common area of the mall and fell on one of two types of tile.
 

 Defendants Newman & Doll, Cahn Engineering and Greiner, Inc., a firm providing engineering and architectural services in connection with construction of the mall, and its successors in interest, moved for summary judgment dismissing the complaint against them. Defendant City also moved for summary judgment dismissing the complaint upon the ground that the claim of slippery floor tiles was insufficient as a matter of law. Relying upon the opinion of plaintiffs’ expert that the coefficient of friction of the flooring materials in the area where plaintiff fell failed to conform to industry standards, Supreme Court denied the motions.
 

 The Appellate Division reversed and granted defendants’ motions. While noting that summary judgment in favor of the defendants was generally precluded when the opinion of a qualified expert established that a plaintiff’s injuries were caused by a deviation from relevant industry standards, the Court concluded that in this case plaintiffs’ expert’s opinion was essentially that plaintiff fell because the floor was too slippery. Relying on
 
 Kline v Abraham
 
 (178 NY 377), the Court held that in the absence of evidence of a negligent application of wax or polish, liability would not be imposed as a result of a floor being slippery by reason of smoothness. Two Justices dissented and voted to affirm in each case, maintaining that the expert’s affidavit, providing information as to industry standards, supported plaintiff’s assertion of negligence and raised a question of fact requiring resolution by trial.
 

 On this appeal plaintiffs argue that the surface on which plaintiff Stephanie Murphy fell was inherently dangerous.
 

 Plaintiffs have not established that factual issues preclude summary judgment. Plaintiff offers no evidence of the reason for her fall other than the tiles being smooth. There was no
 
 *972
 
 evidence, for example, that the tiles were wet, or that there was dirt or debris from inclement weather, or that the tiles had recently been polished or waxed.
 

 Plaintiff provided an affidavit of an engineering expert. Ordinarily, the opinion of a qualified expert that a plaintiff’s injuries were caused by a deviation from relevant industry standards would preclude a grant of summary judgment in favor of the defendants
 
 (see, e.g., Trimarco v Klein,
 
 56 NY2d 98, 106). Here, however, there was no indication by plaintiff of exactly where she fell and the expert’s examination of a part of the general area is insufficient to preclude summary judgment for defendants. Moreover, the expert’s affidavit was conclusory, raised no triable issues of fact and, as such, was properly disregarded by the Appellate Division.
 

 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith, Levine and Ciparick concur.
 

 In each case: Order affirmed, with costs, in a memorandum.