■ MARGRIT BAUER et al., Appellants, v HIRSCHBEDNER ASSOCIATES et al., Defendants and Third-Party Plaintiffs-Respondents, and DESIGN SUPPLY MARBLE AND GRANITE, INC., et al., Respondents. FORTE HOTELS, INC., et al., Third-Party Defendants-Respondents. [643 NYS2d 659]

The plaintiffs are all employees at a restaurant in the Travelodge Hotel located at John F. Kennedy International Airport. In 1988 the third-party defendant, Forte Hotels International, Inc., now known as Forte Hotels, Inc., contracted with the defendant third-party plaintiff, Hirschbedner Associates (hereinafter Hirschbedner), to design the renovation for the Travelodge. Included in the renovation was the installation of marble floors in the buffet/food service area of the hotel. While working at the Travelodge, each of the plaintiffs slipped and fell on those floors and sustained injuries.

Thereafter, the plaintiffs brought this action to recover damages for negligence, breach of warranty, and strict liability against Hirschbedner and the defendants Design Supply Marble and Granite, Inc. (hereinafter DSM&G) and Pompei Construction, Inc. (hereinafter Pompei), the seller and the installer, respectively, of the tiles. After issue was joined, Hirschbedner moved and DSM&G and Pompei separately cross-moved, *inter alia,* for summary judgment dismissing the complaint. The Supreme Court, *inter alia,* granted the motion and cross motions for summary judgment dismissing the complaint.

On appeal, the plaintiffs argue that summary judgment should not have been granted because designers are not immune from liability where injuries result because of the design and selection of an excessively slippery floor, that Hirschbedner did not exercise due care in installing the floors, and that DSM&G and Pompei did not exercise due care when they selected, sold, and installed the floor.

The Supreme Court properly dismissed the complaint. In the absence of a negligent application of wax or polish, no cause of action for negligence will lie for injuries sustained due to a fall on a floor surface that was slippery by reason of its smoothness (*see, e.g., Kline v Abraham,* 178 NY 377; *see also, Murphy v Conner,* 84 NY2d 969; *Katz v New York Hosp.,* 170 AD2d 345; *Silver v Brodsky,* 112 AD2d 213). The plaintiffs' attempt to distinguish *Kline v Abraham (supra)* and its progeny on the basis that those cases involved allegedly excessive added polish and this case involves purported excessive permanent polish is without merit.

Furthermore, the plaintiffs offered no evidence that the tiles were defective. Therefore, the causes of action alleging breach of warranty (*see,* 2C Warren's Negligence in the New York Courts, § 88.03, at 623, 636) and strict liability (*see, e.g., Caprara v Chrysler Corp.,* 52 NY2d 114), were properly dismissed. Ritter, J. P., Thompson, Hart and McGinity, JJ., concur.