■ ESTHER BEYDA, Respondent, v HELMSLEY ENTERPRISES, INC., et al., Appellants. [691 NYS2d 81] —In an action to recover

damages for personal injuries, the defendants Helmsley Enterprises, Inc., The Palace Company, Helmsley Hotels, Inc., Helmsley-Spear, Inc., and Supervisory Management Corp. appeal from so much of an order of the Supreme Court, Kings County (Garson, J.), dated April 3, 1998, as denied their motion for summary judgment dismissing the complaint insofar as asserted against them, and the defendant Marble & Terrazo Polishing Corp. separately appeals from so much of the same order as, *sua sponte*, converted the cross claims asserted against it into a third-party action.

Ordered that on the court's own motion, the notice of appeal of the defendant Marble & Terrazo Polishing Corp. is treated as an application for leave to appeal, and leave to appeal is granted (*see,* CPLR 5701 [c]); and it is further,

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs payable to the appellants appearing separately and filing separate briefs, the motion is granted, and the complaint is dismissed in its entirety.

Under a contract with the defendants Helmsley Enterprises, Inc., The Palace Company, Helmsley Hotels, Inc., Helmsley-Spear, Inc., and Supervisory Management Corp. (hereinafter collectively referred to as Helmsley), the defendant Marble & Terrazo Polishing Corp. (hereinafter Marble) was responsible for maintaining the marble floor in the vestibule of the Helmsley Palace Hotel. The plaintiff contended that the defendants collectively were negligent in permitting the floor to be slippery and to remain too slippery, and that this condition caused her to fall and sustain injuries. This Court previously granted Marble's motion for summary judgment on the ground that the plaintiff had failed to present sufficient evidence of negligence in the maintenance of Helmsley's vestibule floor (*see, Beyda v Helmsley Enters.,* 245 AD2d 479).

In opposition to Helmsley's motion for summary judgment in the case at bar, the plaintiff presented an affidavit by her expert which was merely a revision of the affidavit submitted in opposition to Marble's earlier motion, which this Court had found to be inadequate to establish negligence. The only new information of significance in this revised affidavit is the inclusion of data detailing acceptable floor surface friction coefficients versus unacceptable values. When stripped of its technical jargon, the plaintiff's expert's affidavit "merely states that the plaintiff fell because the floor was too slippery" (*Murphy v Conner,* 199 AD2d 929, 930, *affd* 84 NY2d 969).

The simple fact that a floor is slippery does not support a cause of action to recover damages for negligence, and it does

not give rise to an inference of negligence in the absence of evidence of, for example, the negligent application of floor wax or polish (*see, e.g., Guarino v La Shellda Maintenance Corp.,* 252 AD2d 514; *Lathan v NCAS Realty Mgt. Corp.,* 240 AD2d 474; *Paul v Roman Catholic Church of Holy Innocents,* 226 AD2d 515). Here, the evidence establishes that oxalic acid, a product intended for use on marble floors, was applied three times a week in accordance with product directions, and the plaintiff's expert failed to indicate how this practice deviated from proper safety standards (*see, e.g., Trimarco v Klein,* 56 NY2d 98; *Ambrosio v South Huntington Union Free School Dist.,* 249 AD2d 346). Moreover, the plaintiff's expert's opinion that there was too much "grit" on the floor, based upon his inspection conducted three weeks after the accident, is without probative value, particularly in view of the fact that the plaintiff herself testified that she could feel no foreign substance on the floor after she fell on it (*see, e.g., Guarino v La Shellda Maintenance Corp., supra*).

Accordingly, the Supreme Court should have granted Helmsley's motion for summary judgment, and should not have converted their cross claims against Marble into a third-party action. Ritter, J. P., Friedmann, McGinity and Smith, JJ., concur.