■ STEPHEN M. MROZ et al., Appellants, v ELLA CORPORATION, Doing Business as DAYS INN, Respondent. [692 NYS2d 156]

—In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Doyle, J.), entered April 8, 1998, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

On May 23, 1990, the plaintiff Stephen Mroz was a guest in the defendant's hotel when he slipped and fell in the bathroom of his room. The plaintiffs subsequently commenced this action, contending that the injured plaintiff had fallen "due to the dangerous slippery nature of the defective floor tiles".

The Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint after it made out a prima facie case of entitlement to that relief. It is well settled that in the absence of evidence of a negligent application of floor wax or polish, the mere fact that a smooth floor may be slippery does not support a cause of action to recover damages for negligence (*see, Kline v Abraham*, 178 NY 377; *Murphy v Conner*, 84 NY2d 969; *Guarino v La Shellda Maintenance Corp.*, 252 AD2d 514). Here, while the plaintiffs opposed the motion for summary judgment with the affidavit of a safety consultant who found that the friction coefficient of the floor tiles in the defendant's hotel bathrooms did not meet industry standards, the expert's opinion essentially concluded that the tiles were slippery due to their smoothness, which is not an actionable defect (*see, Murphy v Conner, supra*; *Bauer v Hirschbedner Assocs.*, 228 AD2d 400). Moreover, the observations of the plaintiffs' expert, which were based upon an inspection made over six years after the accident, were conclusory and insufficient to establish that the failure to properly clean the bathroom floors created a dangerous condition on the date of the injured plaintiff's fall (*see, Duffy v Universal Maintenance Corp.*, 227 AD2d 238; *Mankowski v Two Park Co.*, 225 AD2d 673; *Drillings v Beth Israel Med. Ctr.*, 200 AD2d 381). Krausman, J. P., McGinity, Feuerstein and Smith, JJ., concur.