■ JOSEPH J. WERNER, Respondent, v CATHERINE NEARY, Appellant. [694 NYS2d 734] —In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Suffolk County (Doyle, J.), dated April 27, 1998, which denied her motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The plaintiff, a boiler repairman, was injured when he fell down a flight of basement stairs in a house owned by the defendant's decedent, Catherine Baker. At his examination before trial, the plaintiff testified that he fell down the stairs from the landing before his foot touched the first step. However, the plaintiff subsequently claimed that he had misunderstood certain questions at his deposition, and that he actually fell because his "foot slipped on a slippery painted surface on the top step".

On appeal, the defendant contends that the Supreme Court erred in denying her motion for summary judgment because the record establishes, as a matter of law, that the plaintiff's fall was not caused by a dangerous or defective condition on the basement stairway. We agree. The defendant sustained her initial burden of demonstrating her entitlement to judgment as a matter of law by submitting portions of the plaintiff's deposition testimony which contained no indication that a dangerous condition on the stairway caused the accident (*see, Marku v 33 S & P Realty Corp.,* 251 AD2d 633). In opposition to the motion, the plaintiff attributed his fall to the slippery nature of the glossy latex paint which covered the stairs. However, in the absence of evidence of, for example, a negligent application of floor wax or polish, the mere fact that a smooth surface may be slippery does not support a cause of action to recover damages for negligence (*see, Beyda v Helmsley Enters.,* 261 AD2d 563; *Murphy v Conner,* 84 NY2d 969; *Marku v 33 S & P Realty Corp., supra; Silver v Brodsky,* 112 AD2d 213, 214). Thus, the plaintiff's claim that the stairs were slippery because they were painted with a smooth latex paint was insufficient to defeat the defendant's motion for summary judgment (*see, Mroz v Ella Corp.,* 262 AD2d 465; *Sataline v Agrek Enters.,* 173 AD2d 227). Ritter, J. P., Altman, Krausman and Florio, JJ., concur.