■ JANE WASSERSTROM et al., Appellants, v NEW YORK CITY TRANSIT AUTHORITY et al., Respondents. [699 NYS2d 378] —Order, Supreme Court, New York County (Robert Lippmann, J.), entered on or about September 17, 1998, which, upon the grant

of plaintiffs' motion to reargue, adhered to the court's prior order, *inter alia*, granting defendants' motion and cross motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

The motion court's grant of summary judgment dismissing the complaint was proper since there was no evidence that plaintiff's fall was attributable to negligence on the part of defendants. The circumstance that the floor upon which plaintiff slipped was "inherently slippery" by reason of its smoothness is not itself indicative of negligence (*Murphy v Conner*, 84 NY2d 969; *Duffy v Universal Maintenance Corp.*, 227 AD2d 238; *see also, Mroz v Ella Corp.*, 262 AD2d 465). Nor does the additional unremarkable circumstance that the floor became more slippery when it was wet, as it allegedly was at the time of plaintiff's accident, bespeak negligence. Since there is no allegation, much less proof, that defendants caused the water to accumulate on the floor or had notice, actual or constructive, of the water's accumulation and failed to take reasonable measures to remedy the resulting hazard, there are no grounds for the imposition of liability on a negligence theory (*see, Gordon v American Museum of Natural History*, 67 NY2d 836). Given the fundamental flaw in plaintiffs' theory of liability, i.e., that liability for negligence might be premised simply on the circumstance that the subject floor was slippery when wet, plaintiffs' requests for further discovery were properly denied. Additional discovery in these circumstances would have served no useful purpose.

We have reviewed plaintiffs' remaining contentions and find them unavailing. Concur—Sullivan, J. P., Wallach, Rubin, Saxe and Friedman, JJ.