■ JANE LINDEMAN et al., Respondents, v VECCHIONE CONSTRUCTION CORP. et al., Appellants, et al., Defendants. [712 NYS2d 594] —In an action to recover damages for personal injuries, etc., the defendants Vecchione Construction Corp., Joseph Tafuri, individually and d/b/a Tafuri Tile and Marble Company, Inc., and Ricco Tile, Inc., separately appeal from an order of the Supreme Court, Nassau County (DiNoto, J.), dated July 29, 1999, which denied their respective motions for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed, on the law, with costs, the motions are granted, the complaint is dismissed insofar as asserted against the appellants, and the action against the remaining defendants is severed.

The plaintiff Jane Lindeman sustained injuries when she slipped and fell on floor tiles in her home. She commenced this action against, among others, the tile seller and various contractors (hereinafter the appellants). The appellants moved for summary judgment dismissing the complaint insofar as asserted against them.

Absent proof of a reason for a fall other than the "inherently slippery" condition of the floor, no cause of action sounding in negligence can be sustained (*see, Murphy v Conner,* 84 NY2d 969; *Kline v Abraham,* 178 NY 377; *Brandefine v National Cleaning Contr.,* 265 AD2d 441; *Mroz v Ella Corp.,* 262 AD2d 465; *Beyda v Helmsley Enters.,* 261 AD2d 563; *Kruimer v National Cleaning Contrs.,* 256 AD2d 1; *Guarino v La Shellda Maintenance Corp.,* 252 AD2d 514).

Contrary to the Supreme Court's holding, the appellants, in their respective motions for summary judgment, sufficiently established their entitlement to judgment as a matter of law (*see, Zuckerman v City of New York,* 49 NY2d 557). The

plaintiffs opposed the motions with the affidavit of a safety consultant who opined that the friction coefficient of the floor tiles did not meet industry standards. The expert's opinion, separated from its technical terminology, essentially concluded that the tiles were slippery due to their smoothness, which is not an actionable defect in the absence of, for example, a negligent application of wax or polish (*see, Murphy v Conner, supra; Beyda v Helmsley Enters., supra; Bauer v Hirschbedner Assocs.,* 228 AD2d 400). Moreover, the affidavit, which was silent as to specifically when and what portion of the floor was inspected after the accident, is conclusory and insufficient to establish a triable issue of material fact (*see, Murphy v Conner, supra; Brandefine v National Cleaning Contr., supra; Mroz v Ella Corp., supra; Kruimer v National Cleaning Contrs., supra; Mankowski v Two Park Co.,* 225 AD2d 673). O'Brien, J. P., Thompson, Sullivan and Altman, JJ., concur.