■ BRIAN LARUSSA et al., Appellants, v SHELL OIL COMPANY et al., Respondents. (And a Third-Party Action.) [724 NYS2d 459] —In an action to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Kings County (Hutcherson, J.), entered April 17, 2000, which denied their motion for partial summary judgment on the issue of liability, or to strike the defendants' answer based on the failure to comply with orders respecting pretrial disclosure.

Ordered that upon searching the record, the order is modified, on the law, by adding thereto a provision granting summary judgment in favor of the defendants dismissing the complaint; as so modified, the order is affirmed, without costs or disbursements.

The plaintiff Brian Larussa alleged that he slipped and fell on a "curb cut" owned or maintained by the defendants, which had been rendered dangerous as a result of the application of white enamel paint. The plaintiffs sought summary judgment based, *inter alia*, on the affidavit of an engineering expert who expressed his opinion that, due to the application of the paint, "a slippery and slick sidewalk pavement prevailed at the accident situs, in breach of [certain] rules and regulations." The defendants correctly argue that this expert's affidavit establishes nothing more than that the painted curb cut area was more slippery than the surrounding area due to the application of paint. No cause of action exists based on allegations that the painting of a surface has rendered it inherently slippery (*see, Werner v Neary*, 264 AD2d 731; *Lindeman v Vecchione Constr. Corp.*, 275 AD2d 392; *Phillips v 630 McKinley Sq. Corp.*, 285 App Div 18; *see also, Murphy v Conner*, 84 NY2d 969, 971-972).

The plaintiffs contend that a prior order, entered on consent on April 30, 1999, precluding the defendants from offering certain evidence at trial due to their failure to produce a witness for a deposition, constitutes the law of the case, and requires that summary judgment be granted in their favor. This argument is without merit. Assuming that the defendants are precluded from offering any evidence at the time of trial, the plaintiffs' claim that the painting of the curb rendered it inherently slippery does not, as a matter of law, constitute a valid cause of action (*see, Werner v Neary, supra*). The defendants are, therefore, entitled to summary judgment upon searching the record (*see,* CPLR 3212 [b]; *Merritt Hill Vineyards v Windy Hgts. Vineyards*, 61 NY2d 106; *Stevenson v Alfredo*, 277 AD2d 218).

However, we decline to award costs to the defendants to record our disapproval of their flagrant disregard of two court

orders directing disclosure. O'Brien, J. P., S. Miller, Smith and Crane, JJ., concur.