■ JENNIFER L. CONRY, Respondent, v GERARD AVELLINO et al., Appellants, et al., Defendant. [731 NYS2d 205] —In an action to recover damages for personal injuries, the defendants Gerard Avellino, Cynthia Avellino, and G.A. Realty appeal from so much of an order of the Supreme Court, Kings County (Barasch, J.), dated April 19, 2001, as denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the appellants, and the action against the remaining defendant is severed.

The plaintiff was allegedly injured when she slipped and fell on the top marble stair or landing of an interior entrance vestibule in a building owned and/or managed by the appellants. She commenced this action to recover damages for personal injuries arising from negligence. After issue was joined and significant disclosure had occurred, the appellants moved for summary judgment dismissing the complaint insofar as asserted against them. In the order appealed from, the Supreme Court, *inter alia,* denied the motion. We reverse insofar as appealed from.

In opposition to the appellants' prima facie demonstration of entitlement to judgment as a matter of law, the plaintiff failed to raise a triable issue of fact. In general, in the absence of, for

example, the negligent application of wax or polish, there is no recovery in negligence for a slip and fall on a walking surface due to smoothness (*see, Piacquadio v Recine Realty Corp.,* 84 NY2d 967; *Lindeman v Vecchione Constr. Corp.,* 275 AD2d 392; *Beyda v Helmsley Enters.,* 261 AD2d 563; *Bauer v Hirschbedner Assocs.,* 228 AD2d 400). The plaintiff here argues that this general rule is not applicable because there was a dangerous condition on the stairs—i.e., slopes and depressions in the stairs which routinely accumulated moisture when it rained or snowed—and because the stairs lacked a handrail. However, at a deposition, the plaintiff expressly stated that she was not standing in the slopes or depressions in the stairs when she allegedly slipped and fell. Thus, an accumulation of moisture in the slopes or depressions in the stairs was not a proximate cause of the accident. Similarly, the plaintiff failed to raise a triable issue of fact as to whether the lack of a handrail was a proximate cause of the accident. Accordingly, the plaintiff failed to raise a triable issue of fact that the appellants either created a dangerous condition on the stairs, or had actual or constructive notice thereof within a reasonable time to remedy it. Therefore, the appellants were entitled to summary judgment dismissing the complaint insofar as asserted against them (*see, Piacquadio v Recine Realty Corp., supra; Negron v St. Patrick's Nursing Home,* 248 AD2d 687; *Kovelsky v City Univ.,* 221 AD2d 234). Ritter, J. P., S. Miller, Luciano and Crane, JJ., concur.