■ JOANNA RODRIGUEZ et al., Respondents, v KIMCO CENTEREACH 605, INC., Sued Herein as KIMCO DEVELOPMENT CORP., Defendant, and WAL-MART STORES, INC., Appellant. [749 NYS2d 543] —In an action to recover damages for personal injuries, etc., the defendant Wal-Mart Stores, Inc., appeals from so much of an order of the Supreme Court, Suffolk County (Cohalan, J.), dated December 4, 2001, as denied that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, that branch of the motion which was for summary judgment dismissing the complaint insofar as asserted against the appellant is granted, upon searching the record, that branch of the motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant Kimco Centereach 605, Inc., sued herein as Kimco Development Corp., is granted, and the complaint is dismissed in its entirety; and it is further,

Ordered that one bill of costs is awarded to the appellant.

The plaintiff Joanna Rodriguez allegedly was injured when she slipped and fell while exiting the store of the defendant Wal-Mart Stores, Inc. (hereinafter Wal-Mart) on a rainy day. She commenced this action to recover damages, inter alia, for Wal-Mart's negligence in creating an inherently dangerous condition when it painted over a cement-based epoxy surface located at the store's exit. Wal-Mart and its landlord, the defendant Kimco Centereach 605, Inc., sued herein as Kimco Development Corp. (hereinafter Kimco), moved for summary judgment dismissing the complaint. The Supreme Court denied the motion and Wal-Mart appeals.

In opposition to the defendants' prima facie showing of entitlement to judgment as a matter of law, the plaintiffs submitted the affidavit of their engineering expert who opined, after examining the area where the injured plaintiff fell, that the measured coefficient of friction of the surface, when dry, fell below the standard required for a slip-proof surface. The expert's opinion, however, constitutes nothing more than a

claim that the application of the paint to the epoxy surface rendered the area inherently slippery, which is insufficient as a matter of law, without more, to establish liability against the defendants (see *Larussa v Shell Oil Co.*, 283 AD2d 403; *Werner v Neary*, 264 AD2d 731; see also *Murphy v Conner*, 84 NY2d 969, 971-972; *Lindeman v Vecchione Constr. Corp.*, 275 AD2d 392, 393; *Mroz v Ella Corp.*, 262 AD2d 465, 466; *Beyda v Helmsley Enters.*, 261 AD2d 563, 564-565; *Bauer v Hirschbedner Assoc.*, 228 AD2d 400, 401). There also is no merit to the plaintiffs' argument that the condition of the exit area was made "extremely slippery" by virtue of the accumulation of rain droplets on the painted epoxy surface, and the inability of the surface to absorb the water. The evidence established that neither Wal-Mart nor Kimco had actual or constructive notice that the area was slippery when wet, and the plaintiffs in opposition failed to come forward, as they must, with evidence which would raise an issue of fact as to notice (see *Piacquadio v Recine Realty Corp.*, 84 NY2d 967, 969; *Wasserstrom v New York City Tr. Auth.*, 267 AD2d 36, 37; *Suarez v D&C Mgt. Assoc.*, 284 AD2d 706, 707; *Henness v Lusins*, 229 AD2d 873, 875-876; *Van Alstyne v Fonda Refm. Church*, 224 AD2d 901, 902). Therefore, Wal-Mart was entitled to summary judgment dismissing the complaint insofar as asserted against it.

This Court may search the record and grant summary judgment to the nonappealing defendant Kimco (see *Merritt Hill Vineyards v Windy Hgts. Vineyard*, 61 NY2d 106, 110-111; *Prisco v Long Is. Univ.*, 258 AD2d 451, 452). Upon searching the record, this Court finds that the branch of the motion which was for summary judgment dismissing the complaint insofar as asserted against Kimco should have been granted based upon the same rationale which supports the dismissal as against Wal-Mart. Feuerstein, J.P., Goldstein, McGinity and Crane, JJ., concur.