KENNETH P. SILVERMAN, Respondent, v LILIETH T. HERON, Appellant. [773 NYS2d 570]—

In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Nassau County (Peck, J.), entered August 22, 2003, which denied her motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The plaintiff's predecessor-in-interest, Vito Guadino, allegedly slipped and fell on the steps leading to the front porch of the defendant's house during a heavy rain. Guadino testified at his

examination before trial that the steps were made of glossy tiles that were slippery from the rain.

The defendant established her prima facie entitlement to judgment as a matter of law, through her deposition testimony demonstrating that the subject steps were made of "nonslippery tiles," had a grip to prevent slipping, and were designed so that water would run off (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]; *Rodriguez v Kimco Centereach 605*, 298 AD2d 571 [2002]; *Sadowsky v 2175 Wantagh Ave.*, 281 AD2d 407 [2001]; *King v New York City Tr. Auth.*, 266 AD2d 354 [1999]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Rodriguez v Kimco Centereach 605, supra*; *Radaelli v City of Troy*, 229 AD2d 882 [1996]; *see also Larussa v Shell Oil Co.*, 283 AD2d 403 [2001]; *Werner v Neary*, 264 AD2d 731 [1999]), and whether the defendant had notice of this alleged dangerous condition (*see Rodriguez v Kimco Centereach 605* ; *Wasserstrom v New York City Tr. Auth.*, 267 AD2d 36 [1999]). Altman, J.P., S. Miller, Krausman and Cozier, JJ., concur.