THOMAS R. PALERMO et al., Respondents, v ROMAN CATHOLIC DIOCESE OF BROOKLYN, N.Y., et al., Appellants. [799 NYS2d 248]—

In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Queens County (O'Donoghue, J.), dated November 18, 2004, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The infant plaintiff allegedly was injured when he slipped and fell on a wet tile floor in the boys' bathroom at his school. The plaintiffs commenced this action to recover damages, inter alia, based on the defendants' alleged negligence in installing a ceramic tile floor in the bathroom which became unusually dangerous when wet. The Supreme Court denied the motion, finding that a triable issue of fact existed. We disagree.

In opposition to the defendants' prima facie showing of entitlement to summary judgment, the plaintiffs submitted the affidavit of their engineering expert who opined that the friction coefficient of the floor tiles, when wet, created an "unusually dangerous" slippery condition. The expert, however, essentially concluded that the tiles were slippery due to their smoothness, which is not an actionable defect (see *Murphy v Conner,* 84 NY2d 969, 971-972 [1994]; *Rodriguez v Kimco Centereach 605,* 298 AD2d 571 [2002]; *Mroz v Ella Corp.,* 262 AD2d 465 [1999]). Nor was there any evidence that the defendants created the condition or had actual or constructive notice that the floor was unusually slippery when wet, and the plaintiffs failed to come forward with sufficient evidence in opposition to the motion to raise an issue of fact as to notice (see *Rodriguez v Kimco Centereach 605, supra* at 572; *Collins v Mayfair Super Mkts., Inc.,* 13 AD3d 330 [2004]).

Moreover, the plaintiffs' argument that the defendants created the dangerous condition by installing a water fountain in the bathroom is without merit since it is unsupported by evidence that the fountain was the source of the water on the bathroom floor. Nor was an issue of fact raised by the plaintiffs' contention that it was foreseeable that water would splash on the floor because it is common knowledge that a water fountain would be misused by elementary school children. A mere general awareness that a dangerous condition may exist is insufficient to constitute notice of a particular condition (see *Piacquadio v Recine Realty Corp.,* 84 NY2d 967, 969 [1994]; *Chaney v Abyssinian Baptist Church,* 246 AD2d 372 [1998]). Schmidt, J.P., Mastro, Rivera and Skelos, JJ., concur.