BRONISLAVA GERMAN, Appellant, v CAMPBELL INN et al., Respondents. [829 NYS2d 631]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Polizzi, J.), dated November 16, 2005, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff allegedly slipped and fell in the recreation room of the defendants' premises while playing a game of table tennis. The floor consisted of wood which had been painted. The plaintiff did not recall seeing any foreign substance on the floor which could have caused her to slip either before or after the accident.

The defendants established their entitlement to judgment as a matter of law by demonstrating that the plaintiff could not identify the cause of her fall (*see Golba v City of New York*, 27 AD3d 524 [2006]; *Sanchez v City of New York*, 305 AD2d 487 [2003]; *Koller v Leone*, 299 AD2d 396 [2002]). In opposition, the plaintiff failed to submit evidence sufficient to raise a triable issue of fact (*see Rodriguez v Kimco Centereach 605*, 298 AD2d 571 [2002]; *Larussa v Shell Oil Co.*, 283 AD2d 403 [2001]; *Werner v Neary*, 264 AD2d 731 [1999]). The expert affidavit submitted in opposition to the motion merely alleged that the application of the paint to the floor made it inherently slippery, which was insufficient to raise a triable issue of fact (*see Lindeman v Vecchione Constr. Corp.*, 275 AD2d 392 [2000]; *Rodriguez*

*v Kimco Centereach 605, supra; Mroz v Ella Corp.,* 262 AD2d 465 [1999]). The plaintiff also failed to raise a triable issue of fact as to whether the arrangement of furniture in the room proximately caused her to slip and fall (*see generally Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]). Spolzino, J.P., Ritter, Covello and Balkin, JJ., concur.