■ RICHARD CRAWFORD, Appellant, v JEFFERSON HOUSE AS-SOCIATES, LLC, et al., Respondents. [870 NYS2d 404]—

The plaintiff allegedly slipped and fell while walking down the stairway of the subject apartment building. The surface of the concrete and steel stairway was painted, and the plaintiff reported seeing a small amount of coffee spilled on the step on which he slipped.

The defendants established their entitlement to summary judgment by demonstrating that they had no actual or constructive notice of the allegedly dangerous condition (*see Gordon v American Museum of Natural History*, 67 NY2d 836, 837 [1986]; *Applegate v Long Is. Power Auth.*, 53 AD3d 515, 516 [2008]; *Palermo v Roman Catholic Diocese of Brooklyn, N.Y.*, 20 AD3d 516, 517 [2005]), nor had their affirmative acts created the dangerous condition (*see German v Campbell Inn*, 37 AD3d 405 [2007]; *Rodriguez v Kimco Centereach 605*, 298 AD2d 571, 571-572 [2002]; *Lindeman v Vecchione Constr. Corp.*, 275 AD2d 392 [2000]). In opposition, the plaintiff failed to submit sufficient evidence to raise a triable issue of fact (*see German v Campbell Inn*, 37 AD3d 405 [2007]; *Palermo v Roman Catholic Diocese*, 20 AD3d at 517; *Rodriguez v Kimco Centereach 605*, 298 AD2d at 571-572; *Lindeman v Vecchione Constr. Corp.*, 275 AD2d 392 [2000]). The expert affidavit submitted in opposition to the motion merely alleged that the application of paint to the stairway made it inherently slippery, and the stairway failed to meet "good and accepted" engineering safety practices. These conclusory allegations were insufficient to raise a triable issue of fact (*see German v Campbell Inn*, 37 AD3d 405 [2007]; *Rodriguez v Kimco Centereach 605*, 298 AD2d at 571-572; *see also Murphy v Conner*, 84 NY2d 969, 971-972 [1994]; *Lindeman v Vecchione Constr. Corp.*, 275 AD2d 392 [2000]). Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint.

The plaintiff's remaining contentions are not properly before us. Fisher, J.P., Angiolillo, Dickerson and Belen, JJ., concur.