■ JODI A. NORMAN, Respondent, v CITY OF NEW YORK et al., Appellants-Respondents, and HEALTH METRICS, INC., Respondent-Appellant. [875 NYS2d 232]—

In an action to recover damages for personal injuries, the defendant City of New York appeals, as limited by its brief, from so much of an order of the Supreme Court, Richmond County (Aliotta, J.), as denied those branches of its motion which were for summary judgment dismissing the cause of action to recover damages for common-law negligence, so much of the cause of action alleging a violation of General Municipal Law § 205-e as was predicated upon an alleged violation of Labor Law § 27-a (3), and related cross claims insofar as asserted against it, and the defendant Health Metrics, Inc., separately appeals, as limited by its brief, from so much of the same order as denied that branch of its separate motion which was for summary judgment dismissing the cause of action to recover damages for common-law negligence insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs, and those branches of the motion of the defendant City of New York which were for summary judgment dismissing the cause of action to recover damages for common-law negligence, so much of the cause of action alleging a violation of General Municipal Law § 205-e as was predicated upon an alleged violation of Labor Law § 27-a (3), and related cross claims insofar as asserted against it, and that branch of the separate motion of the defendant Health Metrics, Inc., which

was for summary judgment dismissing the cause of action to recover damages for common-law negligence insofar as asserted against it are granted.

The plaintiff, a New York City Police Captain, allegedly was injured while performing a physical fitness examination administered jointly by the New York City Police Department and the defendant Health Metrics, Inc. (hereinafter Health Metrics).

The Supreme Court erred in denying that branch of the motion of the defendant City of New York which was for summary judgment dismissing the cause of action to recover damages for common-law negligence insofar as asserted against it, as the City established its prima facie entitlement to judgment as a matter of law dismissing that claim. A police officer may not recover damages for common-law negligence where "some act taken in furtherance of a specific police . . . function exposed the officer to a heightened risk of sustaining the particular injury" (*Zanghi v Niagara Frontier Transp. Commn.*, 85 NY2d 423, 439 [1995]). Here, the plaintiff's participation in the physical fitness examination, which was designed in part to mimic the type of physical activity that officers would encounter while in the field, exposed her to a heightened risk of injury (*see Sexton v City of New York*, 32 AD3d 535 [2006]; *Brady v City of New Rochelle*, 296 AD2d 365 [2002]; *Smith v County of Erie*, 210 AD2d 933 [1994]). In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the plaintiff's cause of action to recover damages from the City under a common-law negligence theory was barred by the firefighter's rule (*see Santangelo v State of New York*, 71 NY2d 393 [1988]).

The City established its prima facie entitlement to judgment as a matter of law dismissing so much of the cause of action alleging a violation of General Municipal Law § 205-e as was predicated upon a violation of Labor Law § 27-a (3). Although Labor Law § 27-a may serve as a proper predicate for a cause of action alleging a violation of General Municipal Law § 205-e (*see Campbell v City of New York*, 31 AD3d 594 [2006]; *Balsamo v City of New York*, 287 AD2d 22 [2001]), here, in opposition, the affidavit of the plaintiff's expert failed to raise a triable issue of fact as to whether duct tape used to mark the gymnasium floor during the fitness examination constituted a recognized hazard (*see Diaz v New York Downtown Hosp.*, 99 NY2d 542 [2002]; *Murphy v Conner*, 84 NY2d 969 [1994]; *Walker v Commack School Dist.*, 31 AD3d 752 [2006]; *Lindeman v Vecchione Constr. Corp.*, 275 AD2d 392 [2000]). Therefore, the Supreme Court erred in denying that branch of the City's motion.

The Supreme Court erred in denying that branch of Health Metrics' motion which was for summary judgment dismissing the cause of action to recover damages for common-law negligence insofar as asserted against it. Health Metrics submitted an expert affidavit opining that the duct tape used on the floor of the gymnasium was not any more or less slippery than the gymnasium floor itself, and the plaintiff's expert failed to raise a triable issue of fact as to how the use of duct tape deviated from proper safety standards (*see Trimarco v Klein*, 56 NY2d 98 [1982]; *German v Campbell Inn*, 37 AD3d 405 [2007]; *Walker v Commack School Dist.*, 31 AD3d 752 [2006]; *Lindeman v Vecchione Constr. Corp.*, 275 AD2d 392 [2000]; *Brandefine v National Cleaning Contr.*, 265 AD2d 441 [1999]; *Beyda v Helmsley Enters.*, 261 AD2d 563 [1999]; *Kruimer v National Cleaning Contrs.*, 256 AD2d 1 [1998]). Fisher, J.P., Dillon, Belen and Chambers, JJ., concur.