■ Chia Yun Tsai et al., Appellants-Respondents, v Duane Reade, Inc., Respondent-Appellant, et al., Defendants. [883 NYS2d 89]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an

order of the Supreme Court, Queens County (Cullen, J.), dated September 22, 2008, as denied their cross motion for summary judgment on the issue of liability against the defendant Duane Reade, Inc., and the defendant Duane Reade, Inc., cross-appeals from the same order.

Ordered that the cross appeal is dismissed as abandoned (*see* 22 NYCRR 670.8 [e]); and it is further,

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendant Duane Reade, Inc.

The Supreme Court properly denied the plaintiffs' cross motion for summary judgment on the issue of liability against the defendant Duane Reade, Inc. (hereinafter Duane Reade). "A defendant will not be liable for a dangerous or defective condition on its property unless it created the condition, or had actual or constructive notice of its existence and a reasonable time to remedy the defect" (*Goldin v Riker,* 273 AD2d 197, 197-198 [2000]; *see Bluman v Freeport Union Free School Dist.,* 5 AD3d 341, 342 [2004]; *Hanley v Affronti,* 278 AD2d 868 [2000]; *McLaughlan v Waldbaums, Inc.,* 237 AD2d 335, 336 [1997]). The plaintiffs failed to establish the absence of a triable issue of fact regarding whether Duane Reade created or had prior notice of a defect or dangerous condition related to the rolling gate which fell and struck the injured plaintiff.

The cross appeal must be dismissed as abandoned as Duane Reade does not seek reversal or modification of any portion of the order (*see Sirma v Beach,* 59 AD3d 611, 614 [2009]; *Bibas v Bibas,* 58 AD3d 586, 587 [2009]). Spolzino, J.P., Angiolillo, Chambers and Lott, JJ., concur. [*See* 2008 NY Slip Op 32720(U).]