■ JACQUELINE FORD, Respondent, v DOMINO'S PIZZA, LLC, Appellant-Respondent, and BROOKLYN LAND Co., LLC, et al., Respondents-Appellants. [889 NYS2d 208]—

In an action to recover damages for personal injuries, the defendant Domino's Pizza, LLC, appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Kitzes, J.), dated October 28, 2008, as denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, and for summary judgment on the issue of liability on its cross claim to recover damages for breach of contract against the defendant Brooklyn Land Co., LLC, and the defendants Brooklyn Land Co., LLC, Bruce Kapner, Peter Kapner, and Lieberman-Koren Corp. cross-appeal from the same order.

Ordered that the cross appeal is dismissed as abandoned (*see* 22 NYCRR 670.8 [e]); and it is further,

Ordered that the order is reversed insofar as appealed from, on the law, the motion of the defendant Domino's Pizza, LLC, for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, and for summary judgment on the issue of liability on its cross claim to recover damages for breach of contract against the defendant Brooklyn Land Co., LLC, is granted, and the matter is remitted to the Supreme Court, Queens County for a hearing on the issue of damages on the cross claim asserted by Domino's Pizza, LLC, to recover damages for breach of contract; and it is further,

Ordered that one bill of costs is awarded to the defendant Domino's Pizza, LLC.

The plaintiff allegedly slipped and fell on a raised portion of a sidewalk, which was painted blue, in front of premises leased by the defendant Domino's Pizza, LLC (hereinafter Domino's), from the owner of the property, the defendant Lieberman-Koren Corp. The defendant Brooklyn Land Co., LLC (hereinafter BLC), managed the property and the defendants Peter Kapner and Bruce Kapner are the principals of BLC (hereinafter collectively the codefendants) The plaintiff alleged that the accident occurred because the surface of the sidewalk where she fell "became slippery in the rain, when wet."

After joinder of issue, Domino's moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, and on the issue of liability on its cross claim to recover damages for breach of contract against BLC. Domino's established its entitlement to judgment as a matter of law on the issue of liability to the plaintiff by proof that it neither had actual or constructive notice of the allegedly dangerous condition (*see Gordon v American Museum of Natural History*, 67 NY2d 836 [1986]; *Crawford v Jefferson House Assoc., LLC*, 57 AD3d 822 [2008]) nor had it affirmatively created the alleged condition (*see Crawford v Jefferson House Assoc., LLC*, 57 AD3d 822 [2008]; *Rodriguez v Kimco Centereach 605*, 298 AD2d 571 [2002]). In opposition, the plaintiff failed to raise a triable issue of fact. In this regard, we note that the allegation that the blue paint made the sidewalk inherently slippery was insufficient to raise a triable issue of fact (*see German v Campbell Inn*, 37 AD3d 405 [2007]; *Lindeman v Vecchione Constr. Corp.*, 275 AD2d 392 [2000]).

Domino's also established its entitlement to judgment as a matter of law on its cross claim to recover damages for breach of contract based upon the failure of BLC to procure liability insurance for Domino's benefit, as required by the lease between these parties. In opposition, BLC failed to raise a triable issue of fact. Accordingly, the Supreme Court should have granted Domino's motion in its entirety (*see* CPLR 3212 [b]; *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

The cross appeal must be dismissed as abandoned since the codefendants do not seek reversal or modification of any portion of the order (*see Chia Yun Tsai v Duane Reade, Inc.*, 63 AD3d 1096 [2009]). Santucci, J.P., Chambers, Hall and Roman, JJ., concur. [*See* 2008 NY Slip Op 33068(U).]