■ CHRISTINE MARTINEZ-WASZAK, Appellant, v CITY OF NEW YORK et al., Respondents. [37 NYS3d 595]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Genovesi, J.), dated June 24, 2015, as granted that branch of the defendants' mo-

tion which was for summary judgment dismissing the complaint insofar as asserted against the New York City Department of Education.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff allegedly slipped and fell while walking down the stairway of a school building owned by the defendant City of New York and under the control and maintenance of the defendant New York City Department of Education (hereinafter the DOE). A witness for the DOE testified at his deposition that since he started working at the subject building 35 years ago, the surface of the steel stairway treads was painted every year. Each new coat of paint was applied without stripping the paint that was already there. There was no slip-resistant tape or material placed over the paint on the stairway treads.

The plaintiff commenced this personal injury action against the DOE and the City. The plaintiff alleged that the DOE was liable because it negligently maintained the staircase.

In support of their motion for summary judgment dismissing the complaint, the defendants established the prima facie entitlement of the DOE to judgment as a matter of law by submitting evidence demonstrating that the DOE had not created a dangerous condition on the stairs (*see Walsh v Super Value, Inc.*, 76 AD3d 371 [2010]; *Crawford v Jefferson House Assoc., LLC*, 57 AD3d 822 [2008]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Mossberg v Crow's Nest Mar. of Oceanside*, 129 AD3d 683 [2015]; *Crawford v Jefferson House Assoc., LLC*, 57 AD3d 822 [2008]; *Rizzo v Sherwin-Williams Co.*, 49 AD3d 847 [2008]). The expert affidavit submitted by the plaintiff in opposition to the motion merely alleged that the application of paint to the stairway made it inherently slippery, and the stairway failed to meet "generally accepted good practice" of engineering safety. These conclusory allegations were insufficient to raise a triable issue of fact (*see Mossberg v Crow's Nest Mar. of Oceanside*, 129 AD3d 683 [2015]; *Crawford v Jefferson House Assoc., LLC*, 57 AD3d 822 [2008]; *Rizzo v Sherwin-Williams Co.*, 49 AD3d 847 [2008]; *Lindeman v Vecchione Constr. Corp.*, 275 AD2d 392 [2000]).

The plaintiff's contention that the Supreme Court should not have considered the unsigned deposition transcripts relied upon by the DOE in support of its motion, raised for the first time on appeal, is not properly before this Court (*see Ross v Gidwani*, 47 AD3d 912 [2008]).

Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment

dismissing the complaint insofar as asserted against the DOE. Chambers, J.P., Austin, Maltese and Duffy, JJ., concur.