YESHOSHUA TELCHMAN, Appellant, v RCPI LANDMARK PROPERTIES, LLC, et al., Respondents. [54 NYS3d 170]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Schmidt, J.), dated April 21, 2015, as granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

On March 31, 2009, the then 21-year-old plaintiff went ice skating with his brother for the first time in his life at the defendants' ice skating rink in Rockefeller Center. After putting on a pair of skates he had rented at the "skate house," located on the same level as the rink, the plaintiff took a few steps onto the ice rink, slipped, and fell. In October 2011, the plaintiff

commenced this action, alleging, inter alia, that he was injured when he slipped and fell on a dangerous wet ice condition. He also alleged that he was given improperly sized ice skates that were too long. The defendants moved for summary judgment dismissing the complaint. The Supreme Court granted the motion, and the plaintiff appeals.

Contrary to the plaintiff's contention, the defendants established, prima facie, that the ice in the area where the plaintiff slipped did not present a slipping danger over and above the slipping risk already inherent in skating on ice (*see Norman v City of New York*, 60 AD3d 830, 830-832 [2009]; *O'Brien v Midtown Skating Club of N.Y.*, 77 AD2d 829 [1980]; *see also Larussa v Shell Oil Co.*, 283 AD2d 403, 403 [2001]; *Lindeman v Vecchione Constr. Corp.*, 275 AD2d 392, 392-393 [2000]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Goldblatt v LaShellda Maintenance Co.*, 278 AD2d 451 [2000]; *see also Martinez-Waszak v City of New York*, 142 AD3d 1053 [2016]). The plaintiff's expert's opinion that "the ice was maintained in a defective and dangerous condition" was conclusory, unsubstantiated, and insufficient to raise a triable issue of fact (*see Romano v Stanley*, 90 NY2d 444, 451-452 [1997]; *see also Giaimo v Roller Derby Skate Corp.*, 234 AD2d 340, 341 [1996]).

The defendants also established, prima facie, that the alleged improper length of the ice skates was not a proximate cause of the accident (*see Curran v Esposito*, 308 AD2d 428, 429 [2003]; *see also Ash v City of New York*, 109 AD3d 854, 855-856 [2013]). In opposition, the plaintiff failed to raise a triable issue of fact.

Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint. Mastro, J.P., Dillon, Roman and Brathwaite Nelson, JJ., concur.