Kachele v Nouveau El. Indus., Inc. (2020 NY Slip Op 05193)





Kachele v Nouveau El. Indus., Inc.


2020 NY Slip Op 05193


Decided on September 30, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 30, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
RUTH C. BALKIN
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2018-04158
 (Index No. 703495/14)

[*1]Franz Kachele, appellant, 
v
Nouveau Elevator Industries, Inc., respondent.


The Orlow Firm, Flushing, NY (Thomas P. Murphy of counsel), for appellant.
Malapero Prisco & Klauber LLP, New York, NY (Andrew L. Klauber and Cynthia P. Camacho of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Timothy J. Dufficy, J.), entered March 1, 2018. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff, a patient transporter at Lenox Hill Hospital, allegedly sustained injuries on October 4, 2013, when he felt "a pop" in his left shoulder as he was pulling an ICU bed into an elevator on the eighth floor of the hospital. The plaintiff alleged that the floor of the elevator was misleveled with the eighth floor, and that this misleveling caused the ICU bed to stop. The plaintiff did not observe any misleveling at the time of the incident but surmised that there was misleveling based on how it felt when the bed stopped and because he had previously observed the elevator misleveled.
The plaintiff commenced this action against the defendant, the company retained to maintain and service the elevator, to recover damages for personal injuries allegedly sustained in the accident. The Supreme Court granted the defendant's motion for summary judgment dismissing the complaint, and the plaintiff appeals.
"An elevator company which agrees to maintain an elevator in safe operating condition may be liable to a passenger for failure to correct conditions of which it has knowledge or failure to use reasonable care to discover and correct a condition which it ought to have found" (Daconta v Otis El. Co., 165 AD3d 753, 753 [internal quotation marks omitted]). Here, the plaintiff argues that the Supreme Court should not have considered the deposition transcripts submitted by the defendant in support of its motion because they were unsigned. This contention, raised for the first time on appeal, is not properly before this Court (see Martinez-Waszak v City of New York, 142 AD3d 1053, 1053). The plaintiff does not dispute that the deposition transcripts were otherwise sufficient to demonstrate, prima facie, that the defendant did not create or have actual or constructive notice of a misleveling condition.
In opposition to the defendant's prima facie showing, the plaintiff failed to raise a [*2]triable issue of fact. The plaintiff may not rely on the doctrine of res ipsa loquitur because he failed to establish that the accident was one that would not ordinarily occur in the absence of someone's negligence (see Palladino v New York City Hous. Auth., 173 AD3d 1196, 1196; Daconta v Otis El. Co., 165 AD3d at 754; Goodwin v Guardian Life Ins. Co. of Am., 156 AD3d 765, 767; Vaynshteyn v Cohen, 266 AD2d 280, 281; Farmer v Central El., 255 AD2d 289, 290).
SCHEINKMAN, P.J., BALKIN, MALTESE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court