Galardi v Town of Hempstead (2022 NY Slip Op 05680)

Galardi v Town of Hempstead

2022 NY Slip Op 05680

Decided on October 12, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 12, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
SHERI S. ROMAN
WILLIAM G. FORD
LILLIAN WAN, JJ.

2020-07675
 (Index No. 600099/17)

[*1]Doreen Galardi, plaintiff-appellant,
v
Town of Hempstead, et al., defendants, County of Nassau, respondent, Telephone Realty Company, et al., defendants-appellants (and a third-party action).

Gruenberg Kelly Della, Ronkonkoma, NY (Zachary M. Beriloff of counsel), for plaintiff-appellant.
Calistri McLaughlin LLC, New York, NY (Anita A. Ajiboye of counsel), for defendants-appellants.
Thomas A. Adams, County Attorney, Mineola, NY (Robert F. Van der Waag of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals and the defendants Telephone Realty Company and Verizon New York, Inc., separately appeal from an order of the Supreme Court, Nassau County (Antonio I. Brandveen, J.), entered September 10, 2020. The order, insofar as appealed from by the plaintiff, granted that branch of the motion of the defendant County of Nassau which was for summary judgment dismissing the second amended complaint insofar as asserted against it. The order, insofar as appealed from by the defendants Telephone Realty Company and Verizon New York, Inc., granted that branch of the motion of the defendant County of Nassau which was for summary judgment dismissing those defendants' cross claims insofar as asserted against it.
ORDERED that the appeal by the defendant Telephone Realty Company is dismissed; and it is further,
ORDERED that the appeal by the defendant Verizon New York, Inc., from so much of the order as granted that branch of the motion of the defendant County of Nassau which was for summary judgment dismissing the cross claims of the defendant Telephone Realty Company insofar as asserted against it is dismissed, as the defendant Verizon New York, Inc., is not aggrieved by that portion of the order (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144, 156-157); and it is further,
ORDERED that the order is affirmed insofar as appealed from by the plaintiff and insofar as reviewed on the appeal by the defendant Verizon New York, Inc.; and it is further,
ORDERED that one bill of costs is awarded to the defendant County of Nassau payable by the appellants appearing separately and filing separate briefs.
The plaintiff allegedly was injured when she tripped and fell on a curb in front of premises owned by the defendants Telephone Realty Company and Verizon New York, Inc. (hereinafter together the Verizon defendants). The alleged incident occurred on Zeckendorf Boulevard in Hempstead, a public road owned and maintained by the defendant County of Nassau.
The plaintiff commenced this action to recover damages for personal injuries against, among others, the Verizon defendants and the County. The Verizon defendants asserted cross claims against, among others, the County. After the completion of discovery, the County moved, inter alia, for summary judgment dismissing the second amended complaint and the Verizon defendants' cross claims insofar as asserted against it. The Supreme Court granted the motion. The plaintiff appeals, and the Verizon defendants separately appeal.
Telephone Realty Company did not oppose the County's motion and, therefore, is not aggrieved by the order granting that motion (see Mixon v TBV, Inc., 76 AD3d 144, 156-157; see also US Bank N.A. v Ballin, 158 AD3d 786, 787). Accordingly, the appeal by Telephone Realty Company must be dismissed.
"A municipality that has enacted a prior written notification law may avoid liability for a defect or hazardous condition that falls within the scope of the law if it can establish that it has not been notified in writing of the existence of the defect or hazard at a specific location" (Torres v Incorporated Vil. of Rockville Ctr., 195 AD3d 974, 975; see Amabile v City of Buffalo, 93 NY2d 471, 474). "Such [prior written] notice is obviated where the plaintiff demonstrates that the municipality 'created the defect or hazard through an affirmative act of negligence' or that a 'special use' conferred a benefit on the municipality" (Groninger v Village of Mamaroneck, 17 NY3d 125, 127-128, quoting Amabile v City of Buffalo, 93 NY2d at 474).
Here, it is undisputed that the County did not receive prior written notice of the alleged defect and therefore the County "met its burden of establishing that it did not receive prior written notice of the [defective] condition, thereby shifting to plaintiff the burden of demonstrating either that a question of fact existed in that regard or that one of the Amabile exceptions applied" (Groninger v Village of Mamaroneck, 17 NY3d at 129; see Yarborough v City of New York, 10 NY3d 726, 728; Smith v City of New York, _____ AD3d _____, 2022 NY Slip Op 05226 [2d Dept]). In opposition, the plaintiff and Verizon New York, Inc., failed to raise a triable issue of fact as to whether the County affirmatively created the alleged condition that caused the plaintiff to fall (see Groninger v Village of Mamaroneck, 17 NY3d at 129; Smith v City of New York, _____ AD3d _____, 2022 NY Slip Op 05226).
The plaintiff's remaining contention is improperly raised for the first time on appeal (see Bank of Am., N.A. v Lino, 203 AD3d 1004, 1005; Kachele v Nouveau El. Indus., Inc., 186 AD3d 1626, 1627).
Accordingly, the Supreme Court properly granted those branches of the County's motion which were for summary judgment dismissing the second amended complaint and the cross claims of Verizon New York, Inc., insofar as asserted against it.
CONNOLLY, J.P., ROMAN, FORD and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court