Charles v Nouveau El. Indus., Inc. (2024 NY Slip Op 03027)

Charles v Nouveau El. Indus., Inc.

2024 NY Slip Op 03027

Decided on June 5, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 5, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
WILLIAM G. FORD
DEBORAH A. DOWLING
LOURDES M. VENTURA, JJ.

2022-01209
 (Index No. 7788/15)

[*1]Barbara Charles, appellant, 
v
Nouveau Elevator Industries, Inc., respondent.

Frekhtman & Associates (Arnold E. DiJoseph, P.C., New York, NY [Arnold E. DiJoseph III], of counsel), for appellant.
Malapero Prisco & Klauber, LLP, New York, NY (Cynthia P. Camacho and Andrew L. Klauber of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Martha L. Luft, J.), dated February 1, 2022. The order denied the plaintiff's motion pursuant to CPLR 5015(a)(1) to vacate an order of the same court dated August 17, 2020, granting the defendant's unopposed motion for summary judgment dismissing the complaint, and upon vacatur, to deny the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order dated February 1, 2022, is reversed, on the law and in the exercise of discretion, with costs, the plaintiff's motion is granted, the order dated August 17, 2020, is vacated, and the defendant's motion for summary judgment dismissing the complaint is denied.
In June 2014, the plaintiff commenced this action against the defendant to recover damages for personal injuries she alleged she sustained in July 2011 when she tripped while entering an elevator at the Nassau University Medical Center. The plaintiff alleged, inter alia, that the floor of the elevator was misleveled in that the floor of the elevator was approximately two inches higher than the floor of the building, and that this misleveling caused her to trip.
After the completion of discovery, the defendant moved for summary judgment dismissing the complaint. According to the plaintiff, she served her opposition on the defendant by email and mailed a copy of her opposition to the Supreme Court for filing. The defendant asserted that it also served reply in support of its motion on the plaintiff by email and mailed a copy of its reply to the court for filing. The mailed copies of the plaintiff's opposition papers and the defendant's reply were not received by the court. In an order dated August 17, 2020 (hereinafter the August 2020 order), the court granted the defendant's motion for summary judgment dismissing the complaint, noting that the motion was without opposition. In October 2021, the plaintiff moved pursuant to CPLR 5015(a)(1) to vacate the August 2020 order, and upon vacatur, to deny the defendant's motion for summary judgment dismissing the complaint. In an order dated February 1, 2022, the court denied the plaintiff's motion. The plaintiff appeals. We reverse.
"A party seeking to vacate an order entered upon his or her default in opposing a [*2]motion for summary judgment must demonstrate both a reasonable excuse for the default and a potentially meritorious opposition to the motion for summary judgment" (Ferreira v Singh, 176 AD3d 782, 783-784; see CPLR 5015[a][1]). "The determination of what constitutes a reasonable excuse for a default lies within the sound discretion of the trial court" (Melendez v John P. Picone, Inc., 215 AD3d 665, 665 [internal quotation marks omitted]; see Ferreira v Singh, 176 AD3d at 784). "A 'court has [the] discretion to accept law office failure as a reasonable excuse where that claim is supported by a detailed and credible explanation'" (Guilfoyl v Watts, 212 AD3d 785, 786, quoting Bank of Am., N.A. v Murjani, 199 AD3d 630, 631 [citation omitted]; see Ferreira v Singh, 176 AD3d at 784). Here, the plaintiff provided a reasonable excuse for her failure to submit a timely opposition to the defendant's motion. Moreover, on appeal, the defendant does not contest the Supreme Court's determination that the plaintiff established a reasonable excuse for her default in opposing the defendant's motion for summary judgment dismissing the complaint.
Contrary to the determination of the Supreme Court, the plaintiff also asserted a meritorious opposition to the defendant's motion for summary judgment dismissing the complaint. "An elevator company which agrees to maintain an elevator in safe operating condition may be liable to a passenger for failure to correct conditions of which it has knowledge or failure to use reasonable care to discover and correct a condition which it ought to have found" (Kachele v Nouveau El. Indus., Inc., 186 AD3d 1626, 1627 [internal quotation marks omitted]). Here, although the defendant submitted evidence to establish, prima facie, that it did not have actual or constructive notice of a misleveling condition (see Daconta v Otis El. Co., 165 AD3d 753, 753-754; Little v Kone, Inc., 139 AD3d 678, 679), in opposition, the plaintiff raised a triable issue of fact as to whether the defendant had constructive notice of the alleged condition of the elevator (see Tingling v C.I.N.H.R., Inc., 120 AD3d 570, 572; Oxenfeldt v 22 N. Forest Ave. Corp., 30 AD3d 391, 392).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
Since the plaintiff proffered both a reasonable excuse for her default and a meritorious opposition to the defendant's motion for summary judgment dismissing the complaint, the Supreme Court should have granted the plaintiff's motion pursuant to CPLR 5015(a)(1) to vacate the August 2020 order, and upon vacatur, to deny the defendant's motion for summary judgment dismissing the complaint (see Political Mktg., Int'l, Inc. v Jaliman, 67 AD3d 661).
DUFFY, J.P., FORD, DOWLING and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court