■ RUBY SIMMONS et al., Appellants-Respondents, v ELM-CREST HOMEOWNERS' ASSOCIATION, INC., et al., Respondents, et al., Defendant, and MARJORIE SHAY, Respondent-Appellant. (And a Third-Party Action.) [783 NYS2d 384]—

In an action to recover damages for personal injuries, etc., (1) the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Dutchess County (Pagones, J.), dated October 23, 2003, as granted the motion of the defendants

Elmcrest Homeowners' Association, Inc., and Howard Real Estate of Dutchess, Inc., for summary judgment dismissing the complaint insofar as asserted against them, and (2) the defendant Marjorie Shay, as trustee of the Shay Family Trust, separately appeals, as limited by her brief, from so much of the same order as denied her motion for summary judgment dismissing the complaint insofar as asserted against her.

Ordered that the order is modified, on the law, by deleting the provision thereof granting the motion of the defendants Elmcrest Homeowners' Association, Inc., and Howard Real Estate of Dutchess, Inc., for summary judgment dismissing the complaint insofar as asserted against them and substituting therefor a provision denying that motion; as so modified, the order is affirmed insofar as appealed from, and one bill of costs is awarded to the plaintiffs, payable by the defendants Elmcrest Homeowners' Association, Inc., Howard Real Estate of Dutchess, Inc., and Marjorie Shay, as Trustee of the Shay Family Trust.

The injured plaintiff slipped and fell on ice in a driveway in front of a condominium unit owned by the defendant Marjorie Shay, as trustee of the Shay Family Trust (hereinafter Shay). The defendant Elmcrest Homeowners' Association, Inc. (hereinafter Elmcrest), owned the common areas of the subject condominium and was responsible for the maintenance of such areas. The defendant Howard Real Estate of Dutchess, Inc. (hereinafter Howard), was the managing agent for the condominium.

To establish a prima facie case of negligence for a dangerous snow and ice condition, a plaintiff must prove that the defendant either created the condition, or had notice of such condition (*see Simmons v Metropolitan Life Ins. Co.,* 84 NY2d 972 [1994]). Further, an owner of real property has a duty to maintain the property in a reasonably safe condition (*see Basso v Miller,* 40 NY2d 233, 241 [1976]). While Shay contended in her motion that she did not own the area where the accident occurred, and had no duty to maintain that area, she failed to eliminate any triable issues of fact with respect to her ownership of that area (*see generally Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851 [1985]). Therefore, the Supreme Court properly denied Shay's motion for summary judgment.

However, because there is an issue of fact as to the ownership and control of the subject area, the Supreme Court erred in granting the motion by Elmcrest and Howard for summary judgment dismissing the complaint insofar as asserted against them. H. Miller, J.P., S. Miller, Cozier and Spolzino, JJ., concur.