■ Darius Kociecki, Respondent, v EOP-Midtown Properties, LLC, Defendant, and Paul, Hastings, Janofsky & Walker, LLP, Appellant. (And a Third-Party Action.) [888 NYS2d 135]—

In an action to recover damages for personal injuries, the defendant Paul, Hastings, Janofsky & Walker, LLP, appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Solomon, J.), dated July 15, 2008, as denied that branch of its motion which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendant Paul, Hastings, Janofsky & Walker, LLP, which was for summary judgment dismissing the complaint insofar as asserted against it is granted.

The plaintiff allegedly slipped while descending a marble staircase in premises leased by the defendant Paul, Hastings, Janofsky & Walker, LLP (hereinafter the defendant). The plaintiff stated, during his deposition, that the staircase was free of any foreign substance or cracks. "[I]n the absence of evidence of a negligent application of floor wax or polish, the mere fact that a smooth floor may be slippery does not support a cause of action to recover damages for negligence" (*Mroz v Ella Corp.*, 262 AD2d 465, 466 [1999]), and the defendant submitted

evidence sufficient to establish its entitlement to judgment as a matter of law (*see Murphy v Conner*, 84 NY2d 969 [1994]; *German v Campbell Inn*, 37 AD3d 405 [2007]; *Palermo v Roman Catholic Diocese of Brooklyn, N.Y.*, 20 AD3d 516 [2005]; *Rodriguez v Kimco Centereach 605*, 298 AD2d 571 [2002]; *Lindeman v Vecchione Constr. Corp.*, 275 AD2d 392 [2000]). In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff's contention that the staircase was in violation of Administrative Code of the City of New York § 27-375 (h) was improperly raised for the first time in opposition to the motion (*see Medina v Sears, Roebuck & Co.*, 41 AD3d 798, 800 [2007]; *Mainline Elec. Corp. v Pav-Lak Indus., Inc.*, 40 AD3d 939, 939-940 [2007]). In any event, Administrative Code § 27-375 (h) is not applicable to this staircase since it did not serve as a required exit from the building (*see* Administrative Code §§ 27-232, 27-375; *Schwartz v Hersh*, 50 AD3d 1011 [2008]; *Dooley v Vornado Realty Trust*, 39 AD3d 460 [2007]; *Weiss v City of New York*, 16 AD3d 680, 681-682 [2005]; *Walker v 127 W. 22nd St. Assoc.*, 281 AD2d 539 [2001]). Mastro, J.P., Dickerson, Eng and Hall, JJ., concur.