■ DAKARAI SARVIS et al., Respondents, v CITY OF NEW YORK et al., Respondents, and QUEENS BOROUGH PUBLIC LIBRARY, Appellant. [941 NYS2d 866]—

In an action to recover damages for personal injuries, etc., the defendant Queens Borough Public Library appeals from so much of an order of the Supreme Court, Queens County (Flug, J.), dated December 1, 2010, as denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.

The infant plaintiff tripped and fell over an alleged defect on a sidewalk abutting property occupied by the defendant Queens Borough Public Library (hereinafter QBPL). As a result, the infant plaintiff, by his mother, and his mother, suing derivatively, commenced this action against, among others, the City of New York and QBPL. QBPL moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it on the ground that the City, and not it, owned the subject property and, thus, under section 7-210 of the Administrative Code of the City of New York, QBPL could not be held liable for

the infant plaintiff's injuries. The Supreme Court denied QBPL's motion.

As the Supreme Court correctly concluded, QBPL's submissions were insufficient to establish, prima facie, that the City, and not it, owned the subject property (*see Wright v C.H. Martin of White Plains Rd., Inc.*, 23 AD3d 295, 296 [2005]; *Simmons v Elmcrest Homeowners' Assn., Inc.*, 11 AD3d 447 [2004]). Thus, regardless of the sufficiency of the opposing papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]), QBPL's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it was properly denied. Rivera, J.P., Chambers, Roman and Sgroi, JJ., concur.