■ Miki Kapoor et al., Respondents, v Brandley Randlett et al., Appellants. [42 NYS3d 232]—

In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Kings County (Ash, J.), entered February 25, 2016, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is granted.

The plaintiff Miki Kapoor (hereinafter the injured plaintiff) allegedly slipped and fell on the top step of a wooden staircase inside an apartment he and his wife, the plaintiff Heidi Kapoor, were leasing from the defendants, who owned the apartment. The plaintiffs commenced this action, alleging that the defendants had negligently applied wax to the staircase, making it dangerously slippery. The defendants moved for summary judgment dismissing the complaint, and the Supreme Court denied the motion. We reverse.

During the injured plaintiff's deposition, the transcript of which was submitted in support of the defendants' motion, he testified that he did not see any foreign substance, liquids, or other slippery substance on the steps, either before or after the subject accident. "[I]n the absence of evidence of a negligent application of floor wax or polish, the mere fact that a smooth floor may be slippery does not support a cause of action to recover damages for negligence" (*Mroz v Ella Corp.*, 262 AD2d 465, 465 [1999]; *see Kociecki v EOP-Midtown Props., LLC*, 66 AD3d 967 [2009]). Here, in support of their motion for summary judgment dismissing the complaint, the defendants submitted evidence sufficient to establish their prima facie entitlement to judgment as a matter of law dismissing so much of the complaint as was based on the defendants' alleged negligent application of wax or polish to the subject staircase (*see Murphy v Conner*, 84 NY2d 969 [1994]; *German v Campbell Inn*, 37 AD3d 405 [2007]; *Palermo v Roman Catholic Diocese of Brooklyn, N.Y.*, 20 AD3d 516 [2005]; *Rodriguez v Kimco Centereach 605*, 298 AD2d 571 [2002]; *Lindeman v Vecchione Constr. Corp.*, 275 AD2d 392 [2000]). Moreover, although the plaintiffs contended in their bill of particulars that the staircase was in violation of Administrative Code of the City of New York § 27-375 (h), the defendants established, prima facie, that this section of the Administrative Code was not applicable to the subject staircase since it did not serve as a required exit from the building (*see* Administrative Code §§ 27-232, 27-375; *Cusumano v City of New York*, 15 NY3d 319, 325 [2010]; *Fishelson v Kramer Props., LLC*, 133 AD3d 706 [2015]; *Fajardo v Schapiro*, 120 AD3d 468, 469 [2014]; *Remes v 513 W. 26th Realty, LLC*, 73 AD3d 665, 666 [2010]; *Kociecki v EOP-Midtown Props., LLC*, 66 AD3d at 968; *Schwartz v Hersh*, 50 AD3d 1011, 1011-1012 [2008]). In opposition, the plaintiffs failed to raise a triable issue of fact.

Accordingly, the Supreme Court should have granted the defendants' motion for summary judgment dismissing the complaint. Eng, P.J., Austin, Roman and Cohen, JJ., concur.