Union v Excel Commercial Maintenance (2020 NY Slip Op 03942)





Union v Excel Commercial Maintenance


2020 NY Slip Op 03942


Decided on July 15, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 15, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
MARK C. DILLON
LINDA CHRISTOPHER
PAUL WOOTEN, JJ.


2019-01614
 (Index No. 614480/16)

[*1]Lancene Union, respondent, 
v
Excel Commercial Maintenance, appellant.


Andrea G. Sawyers, Melville, NY (Jennifer M. Belk of counsel), for appellant.
Mirabella & Franzi, Garden City, NY (Timothy J. Broschardt of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Suffolk County (Joseph A. Santorelli, J.), dated December 13, 2018. The order, insofar as appealed from, denied the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.
On the morning of January 12, 2015, the plaintiff allegedly slipped and fell in the hallway of Briarcliffe College in Suffolk County. The plaintiff commenced this personal injury action against the defendant, a cleaning service contractor, alleging that the defendant created a hazardous condition by negligently waxing the floor. The defendant moved for summary judgment dismissing the complaint, contending, inter alia, that it did not owe the plaintiff a duty of care. The Supreme Court denied the defendant's motion. The defendant appeals.
"Because a finding of negligence must be based on the breach of a duty, a threshold question in tort cases is whether the alleged tortfeasor owed a duty of care to the injured party" (Espinal v Melville Snow Contrs., 98 NY2d 136, 138). Generally, a contractual obligation, standing alone, will not give rise to tort liability in favor of a third party (see id. at 140). "A contractor may be said to have assumed a duty of care and, thus, be potentially liable in tort, to third persons when the contracting party, in failing to exercise reasonable care in the performance of its duties, launches a force or instrument of harm" (Bruce v Edgewater Indus. Park, LLC, 169 AD3d 753, 754; see Espinal v Melville Snow Contrs., 98 NY2d at 140; Christian v 709 Brighton Beach, LLC, 167 AD3d 704, 705). "Where such a duty is alleged, a defendant contractor moving for summary judgment has the burden of eliminating all material issues of fact, and establishing conclusively, that it did not launch a force or instrument of harm by negligently creating the dangerous or defective condition complained of" (Bruce v Edgewater Indus. Park, LLC, 169 AD3d at 754; see George v Marshalls of MA, Inc., 61 AD3d 925, 928).
"A defendant may not be held liable for the application of wax, polish, or paint to a floor . . . unless the defendant had actual, constructive, or imputed knowledge' that the product [*2]could render the floor dangerously slippery" (Faiella v Oradell Constr. Co., Inc., 171 AD3d 1013, 1014, quoting Walsh v Super Value, Inc., 76 AD3d 371, 372). "In the absence of evidence of a negligent application of floor wax or polish, the mere fact that a smooth floor may be shiny or slippery does not support a cause of action to recover damages for negligence, nor does it give rise to an inference of negligence" (Khaimova v Osnat Corp., 21 AD3d 401, 402; see Kapoor v Randlett, 144 AD3d 984, 985).
Here, the defendant established its prima facie entitlement to judgment as a matter of law by demonstrating that it did not create or launch an instrument of harm by the negligent application of wax to the floor where the plaintiff's accident occurred, and thus, it did not owe the plaintiff a duty of care (see Kapoor v Randlett, 144 AD3d at 985; Khaimova v Osnat Corp., 21 AD3d at 402; see generally Turner v Birchwood on the Green Owners Corp., 171 AD3d 1119, 1121). In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff did not produce any evidence of negligence on the part of the defendant in the application of floor wax (see Khaimova v Osnat Corp., 21 AD3d at 402; Cribbs v ISS Intl. Serv. Sys., 300 AD2d 339, 340).
In light of our determination, we need not reach the defendant's remaining contention.
Accordingly, the Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint.
MASTRO, J.P., DILLON, CHRISTOPHER and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court