McEnroe v 31-64 Cephalonia Realty, LLC (2021 NY Slip Op 00427)





McEnroe v 31-64 Cephalonia Realty, LLC


2021 NY Slip Op 00427


Decided on January 27, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 27, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, A.P.J.
LEONARD B. AUSTIN
ROBERT J. MILLER
FRANCESCA E. CONNOLLY, JJ.


2019-01444
 (Index No. 12888/16)

[*1]Nancy McEnroe, respondent,
v
31-64 Cephalonia Realty, LLC, appellant.


Fumuso, Kelly, Swart, Farrell, Polin & Christesen, LLP, Hauppauge, NY (Scott G. Christesen of counsel), for appellant.
Chopra & Nocerino, LLC (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac, Sanford Hausler, and Jillian Rosen], of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Queens County (Frederick D.R. Sampson, J.), entered November 29, 2018. The order denied the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff allegedly was injured when she slipped on a landing and fell down stairs leading to the front door of the apartment building where she lived. She commenced this personal injury action against the defendant, the owner of the building. The defendant moved for summary judgment dismissing the complaint, arguing that the plaintiff was unable to identify the cause of her fall. The Supreme Court denied the motion, and the defendant appeals.
In a slip-and-fall case, a plaintiff's inability to identify the cause of his or her fall is fatal to a negligence cause of action, since the trier of fact would be required to base a finding of proximate cause upon nothing more than speculation (see Boudreau-Grillo v Ramirez, 74 AD3d 1265, 1267).
Here, the defendant failed to establish its prima facie entitlement to judgment as a matter of law based on the plaintiff's inability to identify the cause of her accident. At her deposition, a transcript of which was submitted in support of the defendant's motion, the plaintiff testified that, although she did not notice the condition of the landing she slipped on before her accident, she knew that the landing was slick based on how she slipped, since her feet went out from under her, she slipped very fast, and she could not stop her fall, and after the fall her back was wet (see Steele v Samaritan Found., Inc., 176 AD3d 998, 1000; Korn v Parkside Harbors Apts., LLC, 134 AD3d 769). Accordingly, the Supreme Court properly denied the defendant's motion for summary judgment dismissing the complaint, regardless of the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
MASTRO, A.P.J., AUSTIN, MILLER and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court