Alvarez v Staten Is. R.T. Operating Auth. (2024 NY Slip Op 01695)

Alvarez v Staten Is. R.T. Operating Auth.

2024 NY Slip Op 01695

Decided on March 27, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 27, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
WILLIAM G. FORD
DEBORAH A. DOWLING
LOURDES M. VENTURA, JJ.

2023-00557
 (Index No. 151566/19)

[*1]Irma Alvarez, respondent, 
v
Staten Island Rapid Transit Operating Authority, appellant.

Anna J. Ervolina, Brooklyn, NY (Timothy J. O'Shaughnessy of counsel), for appellant.
Held & Hines, LLP, Brooklyn, NY (Uri Nazryan of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Richmond County (Orlando Marrazzo, Jr., J.), dated December 28, 2022. The order denied the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.
The plaintiff allegedly was injured in March 2019 when she slipped and fell while walking toward a railway turnstile at the St. George Terminal in Staten Island. Thereafter, the plaintiff commenced this action to recover damages for personal injuries. Following the completion of discovery, the defendant moved for summary judgment dismissing the complaint. In an order dated December 28, 2022, the Supreme Court denied the defendant's motion. The defendant appeals.
"In a premises liability case, a defendant ordinarily establishes its entitlement to summary judgment by showing that it neither created the allegedly dangerous or defective condition nor had actual or constructive notice of its existence. However, a defendant can make its prima facie showing of entitlement to judgment as a matter of law by establishing that the plaintiff cannot identify the cause of his or her fall without engaging in speculation" (Buckstine v Schor, 213 AD3d 730, 731 [citations and internal quotation marks omitted]). Indeed, "[i]n a slip-and-fall case, a plaintiff's inability to identify the cause of his or her fall is fatal to a negligence cause of action, since the trier of fact would be required to base a finding of proximate cause upon nothing more than speculation" (McEnroe v 31-64 Cephalonia Realty, LLC, 190 AD3d 967, 968; see Murphy v New York City Tr. Auth., 73 AD3d 1143, 1143). "That does not mean that a plaintiff must have personal knowledge of the cause of his or her fall. Rather, it means only that a plaintiff's inability to establish the cause of his or her fall—whether by personal knowledge or by other admissible proof—is fatal to a cause of action based on negligence" (Gasparik v Pirraglia Realty Corp., 219 AD3d 1312, 1313 [alterations and internal quotation marks omitted]). If a plaintiff is unable to personally state "how an accident occurred . . . [,] causation can [nonetheless] be established with circumstantial evidence. However, the record must render the other possible causes sufficiently remote to enable the trier of fact to reach a verdict based upon the logical inferences to be drawn from the evidence, not upon [*2]speculation" (Grande v Won Hee Lee, 171 AD3d 877, 878-879 [citations and internal quotation marks omitted]). Moreover, "[i]n the absence of evidence of a negligent application of floor wax or polish, the mere fact that a smooth floor may be shiny or slippery does not support a cause of action to recover damages for negligence, nor does it give rise to an inference of negligence" (Union v Excel Commercial Maintenance, 185 AD3d 869, 870 [internal quotation marks omitted]; see Mroz v Ella Corp., 262 AD2d 465, 466). In other words, "[a]bsent proof of a reason for a fall other than the inherently slippery condition of the floor, no cause of action sounding in negligence can be sustained" (Lindeman v Vecchione Const. Corp., 275 AD2d 392, 392 [internal quotation marks omitted]).
Here, the defendant established its prima facie entitlement to judgment as a matter of law by submitting, inter alia, the transcript of the plaintiff's deposition testimony which demonstrated that she could not identify the cause of her fall without engaging in speculation (see Murphy v New York City Tr. Auth., 73 AD3d at 1143). The plaintiff expressly testified that she did not know what caused her to fall (cf. Kerzhner v New York City Tr. Auth., 170 AD3d 982, 983), nor did she recall observing garbage or liquid on the floor, either before or after her fall (see McEnroe v 31-64 Cephalonia Realty, LLC, 190 AD3d at 968).
In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff's affidavit and additional portions of her deposition testimony submitted in opposition to the motion merely confirmed that she fell as a result of a slippery substance that she could not identify. To the extent that the plaintiff's two witnesses identified the cause of the fall in their affidavits without engaging in speculation (see Simion v Franklin Ctr. for Rehabilitation & Nursing, Inc., 157 AD3d 738, 739; Izaguirre v New York City Tr. Auth., 106 AD3d 878, 879), this evidence was insufficient to raise a triable issue of fact. Although each witness averred that the plaintiff's fall may have been caused by the "shiny" and "slippery" nature of the floor, "the mere fact that a smooth floor may be shiny or slippery," without more, "does not support a cause of action to recover damages for negligence, nor does it give rise to an inference of negligence" (Lancene Union v Excel Commercial Maintenance, 185 AD3d at 870).
The parties' remaining contentions have been rendered academic in light of our determination.
Accordingly, the Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint.
DUFFY, J.P., FORD, DOWLING and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court