Quezada v Structure Tone, Inc. (2024 NY Slip Op 01830)

Quezada v Structure Tone, Inc.

2024 NY Slip Op 01830

Decided on April 3, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 3, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
JOSEPH J. MALTESE
JANICE A. TAYLOR
LOURDES M. VENTURA, JJ.

2019-13472
 (Index No. 12419/15)

[*1]Angel Quezada, respondent, 
v
Structure Tone, Inc., respondent-appellant, Vornado Realty Trust, et al., appellants-respondents, et al., defendants.

McCarthy & Associates, Melville, NY (Michael D. Kern of counsel), for appellants-respondents.
Barry McTiernan & Moore LLC, New York, NY (Laurel A. Wedinger and Allison Snyder of counsel), for respondent-appellant.
Hoshovsky Law Firm LLC, New York, NY (Serhiy Hoshovsky of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants Vornado Realty Trust and SL Green Realty Corp. appeal, and the defendant Structure Tone, Inc., cross-appeals, from an order of the Supreme Court, Queens County (Chereé A. Buggs, J.), entered September 24, 2019. The order, insofar as appealed from, denied the motion of the defendants Vornado Realty Trust and SL Green Realty Corp. for summary judgment dismissing the complaint insofar as asserted against them and on their cross-claims for contractual and common-law indemnification against the defendant Structure Tone, Inc. The order, insofar as cross-appealed from, denied the motion of the defendant Structure Tone, Inc., for summary judgment dismissing the complaint and all cross-claims insofar as asserted against it.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying those branches of the motion of the defendant Structure Tone, Inc., which were for summary judgment dismissing the complaint insofar as asserted against it and the cross-claim of the defendants Vornado Realty Trust and SL Green Realty Corp. for common-law indemnification against it, and substituting therefor a provision granting those branches of the motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with one bill of costs to the plaintiff payable by the defendants Vornado Realty Trust and SL Green Realty Corp., and one bill of costs to the defendant Structure Tone, Inc., payable by the plaintiff.
The plaintiff commenced this action against, among others, the defendants Vornado Realty Trust (hereinafter Vornado), SL Green Realty Corp. (hereinafter SL Green), and Structure Tone, Inc. (hereinafter Structure Tone), to recover damages for personal injuries he alleged he sustained when he tripped and fell over a stub-up pipe protruding from one of the steps of a staircase on certain commercial premises located in Manhattan (hereinafter the premises). The plaintiff alleged, inter alia, that on the date at issue, the premises were owned, operated, and/or controlled by Vornado, SL Green, and Structure Tone. Thereafter, Vornado and SL Green moved for summary [*2]judgment dismissing the complaint insofar as asserted against them and on their cross-claims for contractual and common-law indemnification against Structure Tone. Structure Tone moved for summary judgment dismissing the complaint and all cross-claims insofar as asserted against it. In an order entered September 24, 2019, the Supreme Court denied the separate motions. Vornado and SL Green appeal, and Structure Tone cross-appeals.
"[A]n owner of real property has a duty to maintain the property in a reasonably safe condition" (Simmons v Elmcrest Homeowners' Assn., Inc., 11 AD3d 447, 448; see Basso v Miller, 40 NY2d 233, 241). Here, the Supreme Court properly denied that branch of the motion of Vornado and SL Green which was for summary judgment dismissing the complaint insofar as asserted against them. Those defendants failed to establish, prima facie, that they were not owners of the premises. In support of the motion, Vornado and SL Green submitted, inter alia, conclusory deposition testimony and affidavits of their respective employees contending that another entity known as Broadway 280 Park Fee, LLC (hereinafter Park Fee LLC), owned the premises, not Vornado or SL Green (see Simmons v Elmcrest Homeowners' Assn., Inc., 11 AD3d at 448). No affidavit of an officer or employee of Park Fee LLC, the purported owner of the premises, was submitted, nor did Vornado or SL Green produce any documentation or other evidence to support their contention that the premises were owned by Park Fee LLC and that Vornado and SL Green were merely members of Park Fee LLC (see Sarvis v City of New York, 94 AD3d 854, 855).
Those defendants also failed to establish their prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against them on the ground that the stub-up pipe at issue was open and obvious and not inherently dangerous (see Barone v Risi, 128 AD3d 874, 876; Shah v Mercy Med. Ctr., 71 AD3d 1120, 1120). Although the plaintiff may have been aware of the existence of the stub-up pipe prior to the accident, there are triable issues of fact as to whether that stub-up pipe was marked in a way so as to alert people to its presence and whether there was an orange cap over it (see Kernell v Five Dwarfs, Inc., 207 AD3d 622, 623).
The Supreme Court also properly denied that branch of the motion of Vornado and SL Green which was for summary judgment on their cross-claims for contractual and common-law indemnification against Structure Tone. With respect to contractual indemnification, although Vornado and SL Green submitted in support of their motion an agreement executed by Structure Tone, as general contractor at the premises, which provided, in relevant part, that Structure Tone would indemnify the owner of the premises as well as any officers or members from liability relating to personal injury arising out of or in connection with work being performed at the premises, those defendants failed to establish their prima facie entitlement to judgment as a matter of law, as neither Vornado nor SL Green established their freedom from negligence (see Sawicki v GameStop Corp., 106 AD3d 979, 981; Bryde v CVS Pharmacy, 61 AD3d 907, 908). Since there are triable issues of fact as to whether Vornado and SL Green were negligent, the court also properly denied that branch of Structure Tone's motion which was for summary judgment dismissing the cross-claim of Vornado and SL Green for contractual indemnification against it (see Pena v 104 N. 6th St. Realty Corp., 157 AD3d 709, 711; Sawicki v GameStop Corp., 106 AD3d at 981).
Similarly, since Vornado and SL Green failed to establish that Structure Tone actually supervised or controlled the work relating to the stub-up pipe at the premises, they failed to establish their prima facie entitlement to judgment as a matter of law on their cross-claim for common-law indemnification against Structure Tone (see Poalacin v Mall Props., Inc., 155 AD3d 900, 909; Sellitti v TJX Cos., Inc., 127 AD3d 724, 726).
However, the Supreme Court should have granted those branches of Structure Tone's motion which were for summary judgment dismissing the complaint insofar as asserted against it and the cross-claim of Vornado and SL Green for common-law indemnification against it. Contrary to the plaintiff's contention, Structure Tone established that it was the general contractor on the premises, not the owner. A contractor can be held liable to a third party when, "in failing to exercise reasonable care in the performance of [its] duties, [it] launche[s] a force or instrument of harm" (Espinal v Melville Snow Contrs., 98 NY2d 136, 140 [internal quotation marks omitted]; see Union v Excel Commercial Maintenance, 185 AD3d 869, 870). Here, Structure Tone made a prima facie [*3]showing that it did not own the premises (see Rodriguez v City of New York, 295 AD2d 590, 591) and that, as a general contractor, it neither launched an instrument of harm nor created or exacerbated a dangerous condition alleged to have caused the accident (see Butnik v Luna Park Hous. Corp., 200 AD3d 993, 995; Union v Excel Commercial Maintenance, 185 AD3d at 870). In opposition, the plaintiff failed to raise a triable issue of fact.
With respect to the cross-claim of Vornado and SL Green for common-law indemnification, Structure Tone established its prima facie entitlement to judgment as a matter of law by showing that it did not supervise or control the work of subcontractors who installed the stub-up pipe at issue (see Carrillo v 457-467 Atl., LLC, 193 AD3d 911, 912; Mid-Valley Oil Co., Inc. v Hughes Network Sys., Inc., 54 AD3d 394, 395-396). In opposition, Vornado and SL Green failed to raise a triable issue of fact (see Mid-Valley Oil Co., Inc. v Hughes Network Sys., Inc., 54 AD3d at 396).
DUFFY, J.P., MALTESE, TAYLOR and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court