Joseph v Door Rest. Corp. (2024 NY Slip Op 05335)

Joseph v Door Rest. Corp.

2024 NY Slip Op 05335

Decided on October 30, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 30, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
JOSEPH J. MALTESE
LILLIAN WAN
DONNA-MARIE E. GOLIA, JJ.

2023-06436
 (Index No. 703262/20)

[*1]Sophia Joseph, appellant, 
v
Door Restaurant Corp., respondent, et al., defendant.

Subin Associates, LLP, New York, NY (Robert J. Eisen and Pollack Pollack Isaac & DeCicco, LLP [Joshua Block], of counsel), for appellant.
Hoffman Roth & Matlin, LLP, New York, NY (Joshua R. Hoffman and William Matlin of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Robert I. Caloras, J.), dated April 27, 2023. The order, insofar as appealed from, granted the motion of the defendant Door Restaurant Corp. for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff allegedly was injured when she slipped and fell while descending a staircase located on premises leased to the defendant Door Restaurant Corp. (hereinafter the defendant). The plaintiff thereafter commenced this action to recover damages for personal injuries against the defendant and another, alleging that the defendant was negligent in maintaining the staircase. After the completion of discovery, the defendant moved for summary judgment dismissing the complaint insofar as asserted against it. In an order dated April 27, 2023, the Supreme Court, inter alia, granted the motion. The plaintiff appeals.
While "[a]n owner or tenant in possession of [real property] owes a duty to maintain the property in a reasonably safe condition" (Patterson v H.E.H., LLC, 217 AD3d 879, 880 [internal quotation marks omitted]), summary judgment in favor of such a defendant is appropriate in a premises liability action "where there is no evidence of a defective condition, or the plaintiff cannot identify the cause of his or her fall without engaging in speculation" (Toro v McComish, 227 AD3d 1120, 1121 [citations and internal quotation marks omitted]; see Smith v 3173 Gas Corp., 216 AD3d 1192; Rivera v J. Nazzaro Partnership, L.P., 122 AD3d 826, 827).
Here, the defendant established its prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against it. The plaintiff testified at her deposition that there was no debris or foreign substance on the staircase, that the floor was dry, and that there were no cracks in the steps. Although the plaintiff testified that the steps appeared to be "very smooth," the mere fact that a smooth floor may be slippery does not give rise to an inference of negligence (see Union v Excel Commercial Maintenance, 185 AD3d 869, 870; Kociecki v EOP-Midtown Props., LLC, 66 AD3d 967). Furthermore, while the plaintiff testified that the [*2]staircase lacked a handrail on one side and that the lighting was dim, she did not testify, nor could it be inferred from her testimony, that these conditions contributed to her fall (see Curto v Kahn Prop. Owner, LLC, 225 AD3d 660, 661; Maglione v Seabreeze By Water, Inc., 116 AD3d 929, 930; Plowden v Stevens Partners, LLC, 45 AD3d 659, 660).
In opposition, the plaintiff failed to raise a triable issue of fact.
Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint insofar as asserted against it.
We need not reach the defendant's remaining contentions in light of our determination.
IANNACCI, J.P., MALTESE, WAN and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court