Brener v Queens Blvd. Extended Care Facility Corp.

2026 NY Slip Op 02240

April 15, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Lea Brener, respondent,

v

Queens Boulevard Extended Care Facility Corp., et al., appellants.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 15, 2026

2024-06401, (Index No. 518941/16)

Hector D. Lasalle, P.J.

Francesca E. Connolly

Lourdes M. Ventura

Elena Goldberg Velazquez, JJ.

Barker Patterson Nichols, LLP, Valhalla, NY (Bhalinder L. Rikhye and Adonaid C. Medina of counsel), for appellants.

Harmon, Linder & Rogowsky (Mitchell Dranow, Sea Cliff, NY, of counsel), for respondent.

[*1]

DECISION & ORDER

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Larry Martin, J.), dated March 11, 2024. The order denied the defendants' motion for summary judgment dismissing the complaint.

ORDERED that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is granted.

The plaintiff allegedly was injured in August 2016, when she slipped and fell in a hallway of a skilled nursing facility owned and operated by the defendants. Thereafter, the plaintiff commenced this action to recover damages for personal injuries. Following the completion of discovery, the defendants moved for summary judgment dismissing the complaint. In an order dated March 11, 2024, the Supreme Court denied the defendants' motion. The defendants appeal.

"A defendant may not be held liable for the application of wax, polish, or paint to a floor . . . unless the defendant had actual, constructive, or imputed knowledge that the product could render the floor dangerously slippery" (Union v Excel Commercial Maintenance, 185 AD3d 869, 869-870 [internal quotation marks omitted]; see Faiella v Oradell Constr. Co., Inc., 171 AD3d 1013, 1014). "A prima facie case of the negligent application of wax may be established by evidence that a dangerous residue of wax was present on the floor" (Galler v Prudential Ins. Co. of Am., 63 NY2d 637, 638). "In the absence of evidence of a negligent application of floor wax or polish, the mere fact that a smooth floor may be shiny or slippery does not support a cause of action to recover damages for negligence, nor does it give rise to an inference of negligence" (Khaimova v Osnat Corp., 21 AD3d 401, 402; see Alvarez v Staten Is. R.T. Operating Auth., 225 AD3d 830, 831; Kapoor v Randlett, 144 AD3d 984, 985).

Here, the defendants established their prima facie entitlement to judgment as a matter of law dismissing the complaint by demonstrating that there was no negligent application of wax to the floor (see Kapoor v Randlett, 144 AD3d at 985; Khaimova v Osnat Corp., 21 AD3d at 402; Lee v Rite Aid of N.Y., Inc., 261 AD2d 368, 368-369; Paul v Roman Catholic Church of Holy Innocents, 226 AD2d 515, 515).

In opposition, the plaintiff failed to raise a triable issue of fact. The affidavit she submitted in opposition to the motion merely raised what appeared to be feigned issues of fact designed to avoid the consequences of her earlier deposition testimony and, therefore, was insufficient to defeat summary judgment (see Meriweather v Green W. 57th St., LLC, 156 AD3d 875, 876; Carriero v Nazario, 116 AD3d 818, 819; Wright v South Nassau Communities Hosp., 254 AD2d 277, 278). Moreover, since the plaintiff failed to raise a triable issue of fact in opposition to the defendants' prima facie showing that no dangerous condition existed, "usual questions of notice of the condition are irrelevant" (Cook v Rezende, 32 NY2d 596, 599; see Walsh v Super Value, Inc., 76 AD3d 371, 376).

Accordingly, the Supreme Court should have granted the defendants' motion for summary judgment dismissing the complaint.

LASALLE, P.J., CONNOLLY, VENTURA and GOLDBERG VELAZQUEZ, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court